# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**OSCAR L. WASHINGTON SR.,**

      **Plaintiff,**

v.                                                       **Case No.  8:08-cv-48-T-24TBM**

**THE FLORIDA DEPARTMENT OF**
**CHILDREN AND FAMILIES, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

     THIS MATTER is before the court on the *pro se* Plaintiff's **Motion to Proceed *in Forma Pauperis*** (Doc. 2) with an incorporated affidavit. His un-notorized affidavit[1] indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action. However, because I find that the Complaint is frivolous or fails to state a claim, I recommend that the court dismiss this action.

     Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 128 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the

---

[1] The affidavit includes the statement, "I hereby declare under penalty of perjury that the above information is true and correct." (Doc. 2 at 4). This statement is acceptable under 28 U.S.C. § 1746.

plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 128 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must

2

follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369.

According to the allegations in the Complaint (Doc. 1), Plaintiff is an African-American male and the father of three minor children, K.W., O.W. Jr., and P.W.  At an unspecified time and under unspecified circumstances, the children were placed in the protective custody of the Department of Children and Families ("DCF").  On or about August 5, 2005, Plaintiff reported to DCF child abuse and neglect and domestic violence committed against him and his children by his ex-wife, Defendant Ramona Funsch; her daughter and Plaintiff's stepdaughter, N.W.; and their friends.  The allegations were investigated, but the investigation was closed as unfounded.

On or about August 27, 2005, Plaintiff and his children left the state of Florida and relocated in Hamilton, Ohio.  A couple of days later, DCF initiated a Child Protection Investigation, and Ms. Funsch filed a Temporary Domestic Violence Injunction against Plaintiff.  On or about August 31, 2005, Plaintiff took the children to school, and when he returned to pick them up in the afternoon, he was informed by Ohio police officers that the children were taken by the Butler County, Ohio, Child Protective Services.  DCF officials, namely Defendants Darcy Brown, Anne Jones, and "John Doe" took custody of the children and returned with them to Florida.  In October 2005, Ms. Funsch consented to a Petition for Dependency, and the children were adjudicated dependent.

Plaintiff first brought an action based on these allegations in November 2006 in *Washington v. Dept. of Children & Family* (sic), Case No. 8:06-cv-2003-T-24MAP.  Plaintiff

amended his Complaint three times before voluntarily dismissing the action in February 2007. A month later, Plaintiff initiated a second action based on these allegations, *Washington v. Dept. of Children & Families*, Case No. 8:07-cv-396-T-24TGW. With leave of court, Plaintiff amended his Complaint. Upon a motion from Defendants, the court dismissed the action with prejudice because the claims failed to satisfy the minimal requirements of Rule 8(a)(2). *Id.* at (Doc. 84 at 4). Plaintiff appealed, and the Eleventh Circuit affirmed the decision in part and vacated and remanded the decision in part. The Eleventh Circuit found Plaintiff's Amended Complaint to be the equivalent of a shotgun pleading that provided defendants with no notice of the claims against them. *See Washington v. Dept. of Children & Families*, Case No. 8:07-cv-396-T-24TGW (Doc. 90 at 5) (11th Cir. Nov. 29, 2007). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant allegations and legal conclusions." *Strategic Income Fund v. Spear, Leeds & Kellogg*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002), quoted in *Washington* (Doc. 90 at 4). However, because the district court dismissed the action with prejudice without first ordering Plaintiff to provide a more definite statement under Rule 12(e) or otherwise comply with Rule 8(a)(2), the Eleventh Circuit vacated and remanded in part with instructions for the district court to order Washington to comply with the rules or to dismiss the complaint without prejudice. *Id.* at 5. In accordance with the Eleventh Circuit's instructions on remand, this court dismissed the action without prejudice. *Id.* at (Doc. 91 at 2).[2]

---

[2] Plaintiff and Ramona L. Washington (now Defendant Funsch) filed an unrelated case in 1994, *Washington v. Bauer*, 8:04-cv-1597-T-26TGW.

4

By the instant action, Plaintiff again challenges the constitutionality of the actions of DCF through its officials. Plaintiff alleges generally that the DCF, DCF officials, and his ex-wife engaged in a "[c]onspiracy to deprive the natural father, Mr. Washington, a protective (sic) class citizen of due process rights and of the custody of his children based upon Mr. Washington's gender and black race in the year of 2005 to present." (Doc. 1 at ¶ 2). As stated by the Plaintiff, the Complaint alleges violations of the Right to care and companionship and the Free Exercise Clause (First Amendment) (Count I); Illegal Search and Seizure (Fourth Amendment) (Count II); Invasion of Privacy (Fourth Amendment) (Count III); Right to Custody (Fourteenth Amendment) (Count IV); Violation of Due Process Protections (Ninth and Fourteenth Amendments) (Count V); Conspiracy to interfere with civil rights (Fourteenth Amendment) 42 U.S.C. § 1985 (Count VI); Neglect to Prevent Conspiracy (Fourteenth Amendment) 42 USCS (sic) § 1986 (Count VII); Equal Rights Under the Law (Fourteenth Amendment) 42 U.S.C. § 1981 (Count VIII); Intentional Interference with the Custodial Parent-Child Relationship by a Third Party Non-Parent Restatement of Torts (Second) § 700 (Count IX); Right to Travel Article IV Clause (Fourteenth Amendment) (Count X); Providing Professional, Educational and General Services for the Health and Welfare of the Public Trianon Category (IV) (Count XI). Plaintiff seeks declaratory relief, injunctive relief, damages, and attorney's fees and costs.

Upon careful review, the court finds that the instant Complaint is again a shotgun pleading. While some of Plaintiff's allegations may arguably raise viable claims, each count is asserted against each of the individual defendants, contains vague factual allegations and

legal conclusions, and references various constitutional or statutory provisions alleged to have been violated by Defendants. However, these generalized allegations of due process and civil rights violations are insufficient to give each of the Defendants fair notice of what claims are raised and the grounds upon which they are based. Even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's action fails to state a cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

For these reasons, I recommend that the court deny without prejudice Plaintiff's application to proceed *in forma pauperis* (Doc. 2); dismiss without prejudice the Complaint (Doc. 1); direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice; and deny as moot Plaintiff's Motion for Appointment of Counsel (Doc. 4), Plaintiff's motions to amend or correct the Complaint (Docs. 8, 10, 12, 13, 14, 16, 18, 20), and Request for Judicial Notice, Motion for Protective Order and Motion to Expidate (sic) Case (Doc. 22). It is further recommended that the court grant Plaintiff's Motion to File Electronically (Doc. 17) and deny as moot the identical motion filed subsequently (Doc. 19).

    Respectfully submitted on this
    27th day of February 2008.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Susan C. Bucklew, United States District Judge
Pro se Plaintiff