```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

OSCAR L. WASHINGTON, SR.,
et al.,

    Plaintiffs,

v.                                    Case No.   8:08-cv-48-T-33TBM

STATE OF FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, et al.,

    Defendants.
_____/

### **ORDER**

This matter comes before the Court upon consideration of Magistrate Judge Thomas B. McCoun III's Report and Recommendation (Doc. # 181), filed on September 12, 2008, recommending that the Motion to Dismiss of Defendant Ohio Department of Job and Family Services (Doc. # 115) and the Motion to Dismiss of Defendants Julie Hale and Alisa Muncy (Doc. # 141) be granted.  Plaintiffs have filed objections to the Report and Recommendation (Doc. # 184), and Defendants have filed responses (Doc. ##186, 189).

**I.   Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.   28 U.S.C. § 636(b)(1); Williams v.

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

## II. Motion to Dismiss of the ODJFS

On May 5, 2008, the Ohio Department of Job and Family Services ("ODJFS")filed its motion to dismiss.  ODJFS argues that (1) as a state agency, it has immunity from suit under the Eleventh Amendment, and (2) it has no liability for the conduct of Defendants Hale and Muncy because at all times pertinent, Hale and Muncy were employees of a county agency that is not a subsidiary of, nor subject to the control of, ODJFS. (Doc. # 115 at 2).  Following a thorough analysis, the magistrate judge recommended that ODJFS's motion to dismiss be granted on both grounds.

After conducting an independent review of the file, the Court reaches the same conclusion.  The uncontroverted

affidavits of Defendants Hale and Muncy reveal that they were employed at all pertinent times by the Butler County Children Services Agency ("BCCS"), a county agency, and not by ODJFS. (Doc. ## 141-2, 141-3).  As the magistrate judge correctly notes, Plaintiffs have raised no basis for concluding that ODJFS is liable for Hale or Muncy's conduct and do not allege that a state official has acted and continues to act in violation of the law.  Plaintiffs' objections likewise provide no valid evidence to support ODJFS's liability for actions of BCCS employees.[1]

Additionally, because Plaintiffs appear to be asserting a state law claim arising under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), the ODJFS is entitled to sovereign immunity from such suit.  Pennhurst

---

[1] In an attempt to establish a connection between the two entities, Plaintiffs erroneously assert that "the Butler County Commissioners on May 14, 2007 voted to disband the Children's Services Board and merge into the Ohio Department of Jobs and Families." (Doc. # 184 at 21).  However, the news article that Plaintiffs cite to for this proposition actually states that the Butler County Children Services Board was disbanded and its operations were merged with the county Department of Job and Family Services, not with the State agency.  (Doc. # 118-2 at 6).  This is confirmed by BCCS' website, which states that "Butler County Children Services is a division of Butler County Job and Family Services.  Both agencies are governed by the Butler County Commissioners." See http://www.bccsb.org/content/about/AboutGovernance.cfm. Thus, it is evident that BCCS is not a subsidiary of ODJFS and ODJFS has no liability for the actions of its employees.

3

State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  The Court agrees with the magistrate judge's findings that there is nothing to suggest that the State of Ohio has waived immunity against such claims or that Congress has acted to abrogate immunity from such suits.  (Doc. # 181 at 10-12). Nor do Plaintiffs raise any additional argument on this point in their objections.  Therefore, the Court approves and adopts the magistrate judge's recommendation that the ODJFS's Motion to Dismiss be granted.

### III. **Motion to Dismiss of Hale and Muncy**

On May 24, 2008, Defendants Hale and Muncy filed their Motion to Dismiss (Doc. # 141), arguing lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The magistrate judge found it unnecessary to reach Plaintiffs' Rule 12(b)(6) arguments because Plaintiffs fail to establish that the court's assertion of personal jurisdiction over Hale and Muncy satisfies either Florida's long-arm statute, Florida Statutes § 48.193(1)(b), or the Due Process Clause of the Fourteenth Amendment.  (Doc. # 181 at 12-16).

Upon review of the submissions of the parties relevant to this issue, the Court agrees that personal jurisdiction over

4

Hale and Muncy is lacking. First, although Florida's long-arm statute reaches tortious conduct arising from telephonic, electronic, or written communications by a nonresident defendant, there still must be an injury in Florida. See e.g. Execu-Tech Business Systems, Inc. v. New Oji Paper Co., 752 So. 2d 582, 585 (Fla. 2000) (denying motion to dismiss on personal jurisdiction grounds because allegations of conspiracy to fix prices throughout the United states were sufficient to state an action for a violation of Florida law on Florida soil). Here, all of the harms that Plaintiffs have alleged as a result of Hale and Muncy's tortious conduct have occurred in Ohio.

In addition, Plaintiffs have not established that Hale or Muncy have had sufficient minimum contacts with the State of Florida to comply with due process requirements. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1220 (11th Cir. 1999) (setting forth the three-part test for deciding whether the minimum contacts requirement is met). Even considering the complaint's allegations in a light most favorable to Plaintiffs, it cannot be said that Hale and Muncy purposely availed themselves of the privilege of conducting activities within Florida, simply by communicating by telephone and fascimile with persons in Florida who required their

5

assistance in executing a Florida court order. Nor do the allegations in this case support a finding that Hale or Muncy's limited contacts with Florida gave rise to a reasonable expectation of being haled into court here.

Plaintiff's objections to the magistrate judge's recommendations on this issue simply recount arguments already raised in Plaintiffs' previous responses. The same inapplicable case law is cited in support of exercising personal jurisdiction under Florida's long-arm statute. Additionally, Plaintiffs do not meaningfully address any of the deficiencies that the magistrate judge points to in concluding that personal jurisdiction is lacking under the requirements of both the Florida long-arm statute and the Due Process Clause.

Therefore, after careful consideration of the Report and Recommendation, Plaintiffs' objections, and Defendants' responses, in conjunction with an independent review of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 181) is **ADOPTED, CONFIRMED, and APPROVED** in all respects and is made a

6

part of this Order for all purposes, including appellate review.

(2) The Motion to Dismiss of Defendant Ohio Department of Job and Family Services (Doc. # 115) is **GRANTED**.

(3) The Motion to Dismiss of Defendants Julie Hale and Alisa Muncy (Doc. # 141) is **GRANTED**.

(4) The case is dismissed with prejudice as to Defendants Ohio Department of Job and Family Services, Julie Hale, and Alisa Muncy. The Clerk is directed to terminate any previously scheduled deadlines and pending motions as to these defendants.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of October 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

7