UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR L. WASHINGTON, SR.,
et al.,

     Plaintiffs,

v.                        Case No. 8:08-cv-48-T-33TBM

STATE OF FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, et al.,

     Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Magistrate Judge Thomas B. McCoun III's Report and Recommendation (Doc. # 197), filed on October 29, 2008, recommending that the Motion to Dismiss of Defendants City of Hamilton Police Department, Matthew Blauvelt and Mike Lease (Doc. # 120) be granted. Plaintiffs have filed objections to the Report and Recommendation (Doc. # 198), and Defendants have filed a response (Doc. # 202).

**I.**    **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>,

459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994) (Table).

## II. <u>Analysis</u>

Plaintiff Washington filed his Second Amended Complaint on March 26, 2008 (Doc. # 45), on behalf of himself and his minor children. The Complaint contains 57 counts against nineteen named Defendants. Washington's claims against the City of Hamilton Police Department ("CHPD") and individual officers Matthew Blauvelt and Mike Lease arise from the officers' alleged activity in Ohio occurring on or about August 31, 2005.[1] (Doc. # 45 at ¶¶ 72-74, 223.)

According to Washington, Defendants CHPD, Blauvelt, and Lease, acting under the direction of the Florida Department of Children and Family and the Ohio Department of Jobs, Children,

---

[1] Defendant Mike Lease is incorrectly referred to as Mike Leafe in the Complaint.

2

and Families, unlawfully seized his children while they were attending a school in the City of Hamilton, Ohio, and transported them to foster care in Ohio, in violation of 42 U.S.C. §§ 1981, 1983, 1985, 1986, an 1988. (Id. at ¶¶ 137, 149, 161, 173, 185, 219.) Washington alleges that these Defendants, motivated by Washington' race, conspired with numerous of the Defendants in Florida to deprive the Plaintiffs access to each other and to the courts. In addition, Washington asserts a state law claim for assault and battery, alleging that Blauvelt and an unidentified Defendant maliciously assaulted and battered the minor children during the course of their seizures. (Id. at ¶ 223.) Washington seeks declaratory and injunctive relief as well as monetary damages.

On May 9, 2008, CHPD, Blauvelt, and Lease filed their motion to dismiss. (Doc. # 120.) Defendants move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), asserting that the Court is without jurisdiction and that the Complaint fails to state a claim for relief. Following a thorough analysis, the magistrate judge recommended that the motion to dismiss be granted because (1) the conduct of Blauvelt and Lease is not within the reach of Florida's long-arm statute and does not

3

satisfy the Due Process Clause of the Fourteenth Amendment, and (2) Washington's claims against CHPD are based wholly on the alleged misconduct of Blauvelt and Lease and, as such, are likewise not within the Court's jurisdictional reach.[2] (Id. at 12-16.) Because it was recommended that the motion to dismiss be granted on jurisdictional grounds, the magistrate judge did not reach Defendants' claims that the Complaint fails to state a claim for relief under 42 U.S.C. §§ 1981, 1985, 1986, an 1988.

After conducting an independent review of the file, the Court agrees that personal jurisdiction over these Defendants is lacking. First, although Florida's long-arm statute reaches tortious conduct arising from telephonic, electronic, or written communications by a nonresident defendant, there still must be an injury in Florida. See e.g. Execu-Tech Business Systems, Inc. v. New Oji Paper Co., 752 So. 2d 582, 585 (Fla. 2000) (denying motion to dismiss on personal jurisdiction grounds because allegations of conspiracy to fix prices throughout the United states were sufficient to state an action for a violation of Florida law on Florida soil).

---

[2] The magistrate judge also noted that, as an arm of the government, CHPD does not appear to be an entity with the capacity to be sued under Florida or Ohio law. (Id. at 14-15, n. 8.)

Here, all of the harms that Washington has alleged as a result of Blauvelt and Lease's conduct have occurred, if at all, on Ohio soil. Washington's vague assertions of conspiracy do not change this outcome.

In addition, Washington has not established that Blauvelt or Lease have had sufficient minimum contacts with the State of Florida to comply with due process requirements. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1220 (11th Cir. 1999) (setting forth the three-part test for deciding whether the minimum contacts requirement is met). Even considering the Complaint's allegations in a light most favorable to Washington, it cannot be said that Blauvelt and Lease purposely availed themselves of the privilege of conducting activities within Florida by possibly communicating by telephone and fascimile with persons in Florida who required their assistance in executing a Florida court order. Nor do the allegations in this case support a finding that Blauvelt or Lease's limited contacts with Florida gave rise to a reasonable expectation of being haled into court here.

Washington admits that Plaintiffs had moved to Ohio and that Washington had enrolled the children in school there. Under the given circumstances, the State of Florida cannot claim a significant interest in having this case adjudicated

in Florida, and requiring these Defendants to appear here would pose a significant burden on them. Washington is not prevented from pursuing these claims in Ohio.

As to CHPD, even assuming arguendo that this entity may be sued as a "person" for civil rights violations, this Court does not have jurisdiction over it for the same reasons that it lacks jurisdiction over Blauvelt and Lease individually. In addition, CHPD cannot be held vicariously liable under § 1983 because Washington has not established a custom or policy of CHPD that caused Plaintiffs' injury. See Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403 (1997) ("[A] plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury").

In his opposition memo, Washington states, "Plaintiffs no longer contend that CHPD, Lease, Blauvelt and Doe have sufficient direct contacts with Florida for this Court to exercise personal jurisdiction over them." (Doc. # 198 at 12.) Instead, Washington asserts that personal jurisdiction exists pursuant to the "co-conspirator theory" as set forth in Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1236-37 (6th Cir. 1981). As described in Chrysler, the co-conspirator theory permits a state to assert personal jurisdiction over a

non-resident defendant if (1) jurisdiction can be properly exercised over a resident defendant, (2) the plaintiff can demonstrate the existence of a conspiracy and participation by both the resident and non-resident defendants, and (3) an overt act in furtherance of the conspiracy took place within the state.  Id.

As the Court has already noted, however, Washington has failed to plead with specificity any facts supporting the existence of a conspiracy between CHPD, Blauvelt, and Lease and the Florida resident Defendants.  See Hasenfus v. Secord, 797 F. Supp. 958, 962 (S.D. Fla. 1989) (discussing the co-conspirator theory and noting that "to carry the burden of establishing a conspiracy, [the plaintiff] must at least make out a colorable, factually supported claim of the conspiracy's existence").  Because Washington has provided nothing more than vague and conclusory allegations regarding a conspiracy involving the subject Defendants, the Court declines to apply the co-conspirator theory to extend jurisdiction to these non-resident Defendants.

Washington also requests leave to amend his complaint for the third time, to "correct [the] pleading deficiency with respect to personal jurisdiction as to CHPD, Lease, Blauvelt, [and] Doe" and to add Hamilton Ohio City Manager Mark Branden

Burger and Chief of Police Neal Ferdelman as defendants. (Doc. # 198 at 11-12.) However, Washington is unable to assert any facts warranting the requested amendment. He merely recounts his conclusory allegations that CHPD, Blauvelt, Doe, and Lease shared a conspiratorial objective with Florida Defendants of unlawfully seizing and detaining Washington's children and transferring them to Florida.

Although leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires," the court may deny leave to amend when the amendment would be prejudicial, there has been bad faith or undue delay, or the requested amendment would be futile. <u>Taylor v. Fla. St. Fair Auth.</u>, 875 F. Supp. 812, 814 (M.D. Fla. 1995) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)). Upon consideration of Washington's arguments, the Court finds that leave to amend should not be granted.

As to Washington's amendment to plead jurisdiction under a co-conspiracy theory, such amendment would be futile because, as stated above, Washington has been unable to point to any specific facts evidencing a conspiracy involving the subject Defendants. Washington's request to amend to add Hamilton Ohio's city manager and chief of police would also be futile. Washington has not explained why he wishes to add

8

these parties. However, assuming that they are asserted to have been involved in the alleged misconduct of CHPD, Blauvelt, Doe, and Lease, the Court lacks jurisdiction over these individuals as well.

Therefore, after careful consideration of the Report and Recommendation, Plaintiffs' objections, and Defendants' response, in conjunction with an independent review of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 197) is **ADOPTED, CONFIRMED, and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) The Motion to Dismiss of Defendants City of Hamilton Police Department, Matthew Blauvelt and Mike Lease (Doc. # 120) is **GRANTED.**

(4) The case is dismissed with prejudice as to Defendants City of Hamilton Police Department, Matthew Blauvelt and Mike Lease, as well as the unidentified employee of the City of Hamilton Police Department named as Defendant John or Jane Doe. The Clerk is directed to terminate any

previously scheduled deadlines and pending motions as to these defendants.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of January 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record
All Pro Se Parties