UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR L. WASHINGTON, SR., on
behalf of himself and as father
and next friend of his minor
children K.W., O.W., and P.W.,

    Plaintiff,

v.                                  Case No. 8:08-cv-48-T-33TBM

STATE OF FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES, et al.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court upon consideration of Magistrate Judge Thomas B. McCoun III's Report and Recommendation (Doc. # 226), filed on February 20, 2009, recommending that the Motion to Dismiss, or Alternatively, to Strike Second Amended Complaint of Defendants Sarasota County Sheriff's Department and Sheriff William F. Balkwill (Doc. # 87) and the Motion to Dismiss of Defendants the Florida Department of Children and Families, Kim Kutch, Lynn Johnston, Darcy Brown, Ann Jones, Kim Allen, Lee Haworth, Rick DeFuria, Kelly Kelley, and Charles Williams (Doc. # 149) be granted in part and denied in part. Plaintiff has filed an objection to the Report and Recommendation (Doc. # 229), but Defendants

have not filed responses to that objection.

I. **Complaint Allegations**

Plaintiff filed his fifty-seven count Second Amended Complaint (Doc. # 45) on March 26, 2008, on behalf of himself and his minor children. Plaintiff sued twelve Defendants, alleging violations of his and his children's rights under the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments and violations of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as well as state law claims for assault and battery. (Id. at ¶¶ 128-243). This suit was filed after a previous suit arising from the same set of circumstances was dismissed without prejudice on remand from the Eleventh Circuit, which held that the Amended Complaint was the equivalent of a "shotgun pleading." See Case No. 8:07-cv-396-T-24TGW (Doc. ## 49, 90-91).

Plaintiff's claims arise from a series of occurrences whereby his minor children were seized from the State of Ohio, where they had allegedly fled to escape abuse by Washington's ex-wife Ramona Funsch and others, and were ultimately placed into the custody of the Florida Department of Children and Families ("FDCF"). The alleged facts are accurately detailed in Judge McCoun's Report and Recommendation and will only be summarized here. (See Doc. # 226 at 3-6).

2

Plaintiff's fifty-three page complaint is rambling and at times incoherent, but it appears that Plaintiff alleges that Sheriff Balkwill, Funsch, Kutch, Johnston, Allen, Kelley, Brown, Jones and/or Does met at the FDCF in Sarasota, Florida and conspired against Plaintiff to abduct his children and deny him access to them and the courts of Ohio because of his race. (Doc. # 45 at ¶ 62). It is further alleged that Kutch, Johnston, Allen, and Kelley maliciously and in bad faith directed their subordinates Brown and Jones to instruct Funsch to file a fraudulent temporary domestic violence petition in the Sarasota County circuit court. (Id. at ¶ 63). According to Plaintiff, Judge Haworth met with Sheriff Balkwill, Kutch, Johnston, Brown, Jones, Funsch and others and for malicious purposes issued an order to unlawfully seize Plaintiff's children. (Id. at ¶¶ 64-66). Judge Haworth then failed to register the order with the Butler County, Ohio Juvenile Court pursuant to the UCCJEA. (Id. at ¶ 67).

Plaintiff further alleges that unnamed officials of the FDCF contacted the Ohio Department of Jobs and Family Services ("ODJFS"), faxed a copy of Judge Haworth's order, and directed it to unlawfully seize Plaintiff's children and place them in foster care, based on Plaintiff's race. (Id. at ¶ 69). Shortly thereafter, Sheriff Balkwill, the Sarasota County

3

Sheriff's Department ("SCSD"), Funsch, Kutch, Johnston, Allen, Kelley, Brown, Jones, Judge Haworth, and others, in concert with the City of Hamilton Police Department and its officers and the ODJFS and its employees, allegedly conspired to deprive Plaintiff and his children access to each other and to the courts, again because Plaintiff is black, by seizing his children and placing them in foster care in Ohio. (Id. at ¶¶ 70-77).

According to Plaintiff, Judge DeFuria met with Kutch, Johnston, Allen, Kelley, Brown, and Jones in Sarasota the next day, for the purpose of having an ex parte pick-up order issued to secure the custody of the minor children. Judge DeFuria maliciously and in bad faith issued the pick-up order but failed to have it registered in Ohio pursuant to UCCJEA. (Id. at ¶¶ 77-78). Plaintiff also alleges that the children were unlawfully taken into custody in Ohio by Brown and Jones, who battered and assaulted them while taking them into custody. (Id. at ¶¶ 79, 227). Finally, Plaintiff asserts that Judge Williams held an ex parte hearing and issued an order modifying placement of the minor children without due notice to Plaintiff. (Id. at ¶ 81).

## II. Legal Standard

After conducting a careful and complete review of the

findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

**III. Analysis**

SCSD and Sheriff Balkwill's motion to dismiss asserts that the claims against Balkwill in his individual capacity must be dismissed because Balkwill is entitled to qualified immunity. As for the claims against the Sheriff in his official capacity,[1] it is argued that the allegations fail to establish that the Sheriff violated clearly established law.

---

[1] On January 27, 2009, Sheriff-elect Tom Knight was substituted for William Balkwill in his official capacity, pursuant to Federal Rule of Civil Procedure 25(d). (See Doc. # 213).

5

Defendants further assert that the conspiracy claims fail because they do not contain allegations of any particular agreement or acts that the Sheriff took in furtherance of the conspiracy. Alternatively, Defendants move to strike the Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 8, for failure to contain a short and plain statement of Plaintiff's claims and for being so vague and conclusory that Defendants cannot frame a proper response.

In Defendants FDCF, Kim Kutch, Lynn Johnston, Darcy Brown, Ann Jones, Kim Allen, Lee Haworth, Rick DeFuria, Kelly Kelley, and Charles Williams's motion to dismiss, they too assert that Plaintiff has failed to comply with the Rule 8 requirement of a short and plain statement of his claims and that the allegations in his complaint are too vague and conclusory to state claims for relief to which they can properly respond. They also urge that FDCF is a state agency that may not be sued under § 1983, and that they are immune from suit under the Eleventh Amendment and state sovereign immunity. Alternatively, the FDCF employees contend that they have qualified immunity for discretionary actions taken within the scope of their employment. As for the judicial officers, they assert that they are absolutely immune from suit for actions taken in their capacity as judges. Finally,

Defendants argue that the Second Amended Complaint lacks specific allegations to support any claims of conspiracy.

The magistrate judge found that Judges Haworth, DeFuria and Williams enjoy absolute immunity from civil suit for actions taken in furtherance of their duties as judicial officers, and based on Plaintiff's allegations, recommended that they be dismissed from this suit with prejudice. Plaintiff objects to this recommendation on the grounds that some of Defendants' judicial acts were non-judicial in nature and that the acts were taken "in the clear absence of jurisdiction." (Doc. # 229 at 15.)

It is well established that judicial officers are absolutely immune from civil suit for their judicial acts "unless they acted in the 'clear absence of all jurisdiction.'" Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious or were in excess of his or her jurisdiction." Id. (citations omitted). The Court rejects Plaintiff's stated objections and finds that the allegations as to the judges in Plaintiff's Second Amended Complaint clearly pertain to judicial actions and that the judges had jurisdiction over those matters.

Judges Haworth and DeFuria issued orders permitting FDCF

employees to take Plaintiff's minor children into protective custody and Judge Williams issued an order modifying placement of the minor children. These are normal judicial functions which apparently took place in the judges' chambers or the courtroom, and the orders arose from visits made to the judges in their judicial capacities. See id. (noting that whether a judge's actions were performed in his judicial capacity depends on whether the act constituted a "normal judicial function" and whether the events occurred in the judge's chambers or open court and out of a visit to the judge in his official capacity).

In addition, Plaintiff's assertion that the judges' conspiratorial agreements served to divest their actions of judicial protection is unavailing, even if such a conspiracy existed, under established Eleventh Circuit precedent. See Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (reiterating the rule that even a judge who is approached as a judge by a party and conspires with that party to violate another party's constitutional rights is properly immune from a damage suit brought under § 1983). The judges' subject matter jurisdiction is also clear. See Fla. Stat. § 39.013 (2006) ("The circuit court has exclusive original jurisdiction of all proceedings under this chapter . . . . Jurisdiction

attaches when the initial shelter petition, dependency petition, or termination of parental rights petition is filed or when the child is taken into the custody of the [FDCF]."). Accordingly, Judges Haworth, DeFuria, and Williams are due to be dismissed from this suit with prejudice.

The magistrate judge determined, and the undersigned agrees, that the FDCF, as a state agency, is immune from suit under the Eleventh Amendment because Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, nor has Florida consented to being sued or waived this Eleventh Amendment immunity. Carr v. City of Florence, 916 F.2d 1521, 1525 (11th Cir. 1990); Gamble v. Fla. Dep't of Health & Rehab. Servs., 779 F.2d 1509, 1515-16 (11th Cir. 1986). Further, Plaintiff's allegations do not fall within any of the exceptions to immunity from suits seeking injunctive relief as set forth in Ex parte Young, 209 U.S. 123 (1908). Plaintiff has raised no argument on this issue in his written objection and the Court finds that Plaintiff's claims against FDCF, as well as any officials of FDCF in their official capacity, are barred and should be dismissed with prejudice.

To prevail in a § 1983 action against SCSD and the Sheriff of Sarasota County, Plaintiff must demonstrate a deprivation of a federal right by a person acting under color

of state law. Griffin v. City Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). As the magistrate judge aptly noted, Plaintiff has failed to allege any facts showing that SCSD had a custom or policy in place, or that the Sheriff acted in his official capacity pursuant to a custom or policy, that constituted deliberate indifference to a constitutional right. See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Thus, Plaintiff's claims against SCSD and the Sheriff in his official capacity are also properly dismissed with prejudice.

As to the claims against Kim Kutch, Lynn Johnston, Darcy Brown, Ann Jones, Kim Allen, and Kelly Kelley individually, as well as William Balkwill in his individual capacity, the magistrate judge found that Plaintiff's allegations in the Second Amended Complaint are "minimally adequate to state a claim for relief" against these individuals for (1) deprivation of Plaintiff's liberty rights, as recognized by the Due Process Clause and applicable to the states under the Fourteenth Amendment (Counts 25 and 28); and (2) assault and battery of Plaintiff's minor children (Count 50). (Doc. # 226 at 12). The magistrate judge determined that Plaintiff's allegations, accepted as true at this stage in the proceedings, that the individual defendants' conduct violated established constitutional rights are sufficient to overcome

10

the qualified immunity argument. (Id. at 14-16). Defendants have asserted no objections to this finding.

Upon full review of the pleadings, the undersigned is constrained to agree that Plaintiff's claims in Counts 25, 28, and 50, are adequately supported by the allegations in the Second Amended Complaint to withstand a motion to dismiss. As explained in Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002), "Conspiring to violate another person's constitutional rights violates section 1983." A prima facie case of section 1983 conspiracy may be established by "some evidence" that defendants reached an agreement to violate a plaintiff's rights; a "smoking gun" is not required. Id. at 1283-84. Additionally, "it cannot be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." Troxel v. Granville, 530 U.S. 57, 66 (2000).

As set forth in detail in Judge McCoun's report and recommendation, and adopted herein, Plaintiff's Second Amended Complaint adequately states a claim for violation of his due process rights. Plaintiff has alleged that these individuals, acting in concert and under color of state law, reached an agreement to abduct and deprive him of his children because of

11

his race.  In furtherance of that agreement, it is alleged that Defendants Brown and Jones directed Plaintiff's ex-wife Funsch to file a fraudulent temporary domestic violence petition with the Sarasota County circuit court.  Defendants then sought and received temporary injunction and seizure orders authorizing them to take Plaintiff's children into protective custody.  Plaintiff has also alleged that, as part of the conspiracy, Brown and Jones traveled to Ohio to seize Plaintiff's children, at which time they allegedly assaulted and battered them while taking them into custody.  These allegations adequately state a claim to survive dismissal at this stage, where Plaintiff's allegations are accepted as true and in a light most favorable to him.  As the magistrate judge aptly noted, it is entirely possible that Plaintiff will not be able to come forth with sufficient evidence to survive the summary judgment phase of these proceedings, especially in light of the Defendants' status as state child-protection workers.

After careful consideration of the report and recommendation and Plaintiff's objections thereto, in conjunction with an independent review of the file, the Court finds that the report and recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Magistrate Judge Thomas B. McCoun III's Report and Recommendation (Doc. # 226) is **ADOPTED, CONFIRMED, and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) The Motion to Dismiss, or Alternatively, to Strike Second Amended Complaint of Defendants Sarasota County Sheriff's Department and Sheriff William F. Balkwill (Doc. # 87) is **GRANTED in part and DENIED in part**.

(3) The Motion to Dismiss of Defendants the Florida Department of Children and Families, Kim Kutch, Lynn Johnston, Darcy Brown, Ann Jones, Kim Allen, Lee Haworth, Rick DeFuria, Kelly Kelley, and Charles Williams (Doc. # 149) is **GRANTED in part and DENIED in part**.

(4) The motions to dismiss are **DENIED** as to **Counts 25 and 28** as against Defendants Kim Kutch, Lynn Johnston, Darcy Brown, Ann Jones, Kim Allen, Kelly Kelley, and William Balkwill, individually, and **Count 50** as against Brown and Jones individually; and are **GRANTED** in all other respects.

(5) The case is dismissed with prejudice as to Defendants

Sarasota County Sheriff's Department, the Sheriff of Sarasota County in his official capacity, the Florida Department of Children and Families, Lee Haworth, Rick DeFuria, and Charles Williams. The Clerk is directed to terminate any previously scheduled deadlines and pending motions as to these defendants.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>23rd</u> day of March 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record
All Pro Se Parties