UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR L. WASHINGTON, SR.,

    Plaintiff,

v.                                CASE NO: 8:08-cv-48-T-33TBM

STATE OF FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Plaintiff's Motion for Reconsideration (Doc. # 305). For the reasons stated below, the motion is denied.

On February 16, 2010, this Court entered an Order (Doc. # 303) adopting the Magistrate Judge's Report & Recommendation (Doc. # 293) and granting a Motion to Dismiss the Claims of the Minor Children filed by Kelly Kelley, Kim Kutch, Lynne Johnston, Kim Allen, Darcy Brown, and Anne Jones (Doc. # 271) and a Motion to Dismiss or Disqualify Oscar Washington as Representative of Minor Children filed by William Balkwill (Doc. # 272). This Court thereby dismissed without prejudice all claims asserted by the minor Plaintiffs K.W., O.W., Jr. and P.W. against the Defendants. Plaintiff now seeks

reconsideration of the Court's Order (Doc. # 303).[1]

The decision to alter or amend a judgment under Rule 59(e), Fed. R. Civ. P., is within the sound discretion of the Court and will not be overturned on appeal absent abuse of discretion. American Home Assur. Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). There are three grounds that justify granting a motion for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. See CSX Transp., Inc., v. City of Pensacola, Fla., 936 F. Supp. 885, 889 n.2 (N.D. Fla. 1995); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999); see also

---

[1] Plaintiff has also appealed this Court's Order (Doc. # 303) to the Eleventh Circuit Court of Appeals in conjunction with a previous interlocutory appeal. (Doc. # 243). As a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over all issues involved in the appeal. Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). However, as this Court is denying the motion for reconsideration, it properly retains jurisdiction to do so because such action is "in furtherance of the appeal." Id. at 1179-80.

Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff's motion does not fit within any of these three grounds. Plaintiff has not presented a change in the law, new evidence, or a need to correct clear error or manifest injustice. Rather, Plaintiff's 20-page motion asserts arguments already presented and considered by the Court or otherwise irrelevant to the Court's Order. Thus, Plaintiff has not established a basis for this Court's reconsideration of its previous Order granting the motions to dismiss.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Reconsideration (Doc. # 305) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>11th</u> day of April, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Parties and Counsel of Record