```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

OSCAR L. WASHINGTON, SR.,

    Plaintiff,

v.                                CASE NO:   8:08-cv-48-T-33TBM

STATE OF FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion for Reconsideration of Orders Denying Motion for Default Judgment, to Strike Proposed Case Management Report, Motion to Recuse, and for Stay (Doc. # 328). For the reasons stated below, the motion is denied.

There are three grounds that justify granting a motion for reconsideration:  1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice. See CSX Transp., Inc., v. City of Pensacola, Fla., 936 F. Supp. 885, 889 n.2 (N.D. Fla. 1995); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).   "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for

the Court's earlier decision." <u>Lamar Advertising of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 490 (M.D. Fla. 1999); <u>see</u> also <u>Michael Linet, Inc. v. Village of Wellington</u>, 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff's motion does not fit within any of these three grounds. Plaintiff has not presented a change in the law, new evidence, or a need to correct clear error or manifest injustice. Rather, Plaintiff's motion asserts arguments as to why this Court is currently without jurisdiction to set deadlines in this case including setting the case for trial. Plaintiff makes no arguments as to why the Court should reconsider its rulings. Thus, Plaintiff has not established a basis for this Court's reconsideration of its previous Orders.

Plaintiff's motion appears, in fact, to be a declaration that Plaintiff "will not be participating in any case management, discovery proceedings or proposed trial dates" and bases his declaration on the fact that he has filed a motion for reconsideration before the Eleventh Circuit as to its dismissal of his appeal. As a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over all issues involved in the appeal. However, the record before this Court reveals that there is not

2

currently an appeal pending before the Eleventh Circuit. Plaintiff cites to inapposite case law regarding motions for reconsideration tolling the time to appeal, which is not the situation at bar. The Court finds that it is not currently divested of its jurisdiction in this case.

Plaintiff is warned that he must comply with the deadlines set forth by the Court or be subject to sanction, including possible dismissal of his case. The Court notes that this case has been pending since January 10, 2008 and has been preceded by two related cases dating back to October 27, 2006.[1] Plaintiff has had ample time to prosecute this action, and the Court intends to try the action in March 2011.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Reconsideration of Orders Denying Motion for Default Judgment, to Strike Proposed Case

---

[1] See Washington v. The Department of Children & Family, et al., 8:06-cv-2003-T-24MAP (filed October 27, 2006 and voluntarily dismissed by Plaintiff February 5, 2007) and Washington v. The Department of Children & Family, et al., 8:07-cv-396-T-24TGW (filed March 5, 2007 and dismissed without prejudice January 4, 2008 because the amended complaint failed to satisfy the minimal requirements of Rule 8(a)(2); the Court noted that this case was based on the same allegations of previous suit, 8:06-cv-2003-T-24MAP, and that Plaintiff had been permitted to amend his complaint three times in the previous suit). The instant case is Plaintiff's third bite at the apple. In his Second Amended Complaint (Doc. # 45), Plaintiff references that he previously brought this suit in 8:06-cv-2003-T-24MAP and 8:07-cv-396-T-24TGW.

3

Management Report, Motion to Recuse, and for Stay (Doc. # 328) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of September, 2010.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record