UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR L. WASHINGTON, SR.,

     Plaintiff,

v.                             CASE NO:  8:08-cv-48-T-33TBM

STATE OF FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES, et al.,

     Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Joint Third Emergency Motion for Sanctions (Doc. # 375). Defendants William Balkwill, Kim Kutch, Lynne Johnston, Darcy Brown, Ann Jones, Kim Allen, and Kelly Kelley move this Court for sanctions against Plaintiff Washington for failure to attend his own deposition.

On December 8, 2010, Defendants filed an Emergency Motion for Sanctions and/or to Compel Deposition (Doc. # 361) seeking to compel the deposition of Washington who failed to appear for his deposition noticed in this matter to take place on December 6, 2010 in Tampa, Florida. Alternatively, Defendants sought sanctions, including the dismissal with prejudice of Washington's claims.

On December 9, 2010, Magistrate Judge McCoun entered an

Order denying sanctions, without prejudice, and ordering that Washington appear for his deposition to be taken within this District, on or before December 17, 2010 (Doc. # 363).

Assistant Attorney General Yvette Acosta MacMillan sent a copy of the Court's Order to Washington via electronic mail and requested that he contact her office in order to schedule his deposition in accordance with the Order (Doc. # 364). Washington responded with copies of documents filed in the Eleventh Circuit Court of Appeals (Doc. # 364) and refused to cooperate with the scheduling of his deposition (see Exh. A, Doc. # 368). Defendants then scheduled Washington's deposition for December 14, 2010 and sent notices to Washington (see Doc. # 368, Exh. B).

On December 13, 2010, Washington filed an Emergency Motion for Protective Order Against Defendants' Emergency Motion for Sanctions or to Compel Deposition Collectively Alternatively Reinstate Motion for Protective Order (Doc. # 366), which the Court denied on the same day (Doc. # 367).

Without the Court's permission, after being properly notified, and in defiance of the Court's December 9th Order (Doc. # 363), Washington failed to appear for his deposition on December 14, 2010 (see Doc. # 368, Exh. C).

On December 14, 2010, Defendants filed a Joint Second

2

Emergency Motion for Sanctions (Doc. # 368) due to Washington's failure to appear for deposition for a second time. Defendants requested that this action be dismissed with prejudice and judgment be entered in their favor. Additionally, Defendants requested Washington be ordered to pay the costs and attorney's fees incurred by Defendants in scheduling, preparing for and attending the December 6 and December 14, 2010 depositions and in the drafting of their motions for sanctions.

On December 29, 2010, this Court entered an Order denying the Joint Second Emergency Motion for Sanctions, without prejudice, and ordering Washington to appear for his deposition to be taken within this District, on or before January 14, 2011 (Doc. # 374). The Court clearly admonished Washington that:

> failure to appear for deposition to be scheduled on or before January 14, 2011 **will result in dismissal of Plaintiff's action with prejudice upon motion by Defendants and without further notice by the Court**.

See Order (Doc. # 374, p. 6).

On December 30, 2010, Assistant Attorney General Yvette Acosta MacMillan sent a copy of the Court's Order to Washington via electronic mail and requested that he contact her office in order to schedule his deposition in accordance

3

with the Order (Doc. # 375, Exh. 1).  Follow-up attempts were made to contact Washington by telephone and electronic mail (Doc. # 375, Exh. 2), but Washington did not respond. Defendants then scheduled Washington's deposition for January 14, 2011 and sent notices to Washington (see Doc. # 375, Exh. 3).

In response to the Notice of Taking Deposition, Washington contacted the office of Attorney Yvette Acosta MacMillan on January 5, 2011 and left telephonic messages for her and her assistant indicating that he would be filing documents with the 11th Circuit Court of Appeals.  Washington did not cooperate in the scheduling of the deposition, nor did he indicate that he was not available on the date and time for which the deposition was scheduled.

Washington did not request a protective order, nor did he otherwise seek relief from this Court prior to the January 14, 2011 deposition.  See Fed. R. Civ. P. 26(c).

Again, without the Court's permission, after being properly notified, and in defiance of the Court's December 9th Order (Doc. # 363) and December 29th Order (Doc. # 374), Washington failed to appear for a third time for his deposition on January 14, 2011 (see Doc. # 375, Exh. 5).

Defendants again argue that Washington has, on numerous

4

occasions, been advised that his failure to comply with the deadlines set forth by the Court to participate in discovery could subject his claims to dismissal. Despite these warnings, Washington has knowingly, intentionally, and consistently defied this Court's orders and failed to cooperate with Defendants' timely discovery demands. Defendants submit that they have been hampered in their attempts to formulate a defense due to Washington's failure to comply with this Court's Orders and with the rules governing discovery. Defendants now again move this Court for sanctions. Specifically, Defendants request that this action be dismissed with prejudice and judgment be entered in favor of Defendants. Additionally, Defendants request Washington be ordered to pay the costs and attorney's fees incurred by Defendants in scheduling, preparing for and attending the December 6 and December 14, 2010 and January 14, 2011 depositions, and in the drafting of their motions for sanctions.

A party may move for sanctions under Fed. R. Civ. P. 37(d) for another party's failure to appear for a deposition. See Fed. R. Civ. p. 37(d). A court may impose the sanctions available under Rule 37(b)(2)(A)-(C), which include dismissing the action or proceedings in whole or in part and/or imposing

5

costs and fees caused by the failure to appear under Rule

37(d).   See Fed. R. Civ. P. 37(b)(2)(A)(v) & (b)(2)(C).

Washington has already repeatedly been advised by the

Court that he is obligated to participate in discovery and

comply with court-ordered deadlines or he will be subject to

sanctions, including dismissal of his claims.   See, e.g.,

Docs. # 329, 333, 358, 363, 374.   The Court also previously

noted in an Order that this case has been pending since

January 10, 2008 and has been preceded by two related cases

dating back to October 27, 2006,[1] that Washington has had

---

[1]See Washington v. The Department of Children & Family,
et al., 8:06-cv-2003-T-24MAP (filed October 27, 2006 and
voluntarily dismissed by Plaintiff February 5, 2007) and
Washington v. The Department of Children & Family, et al.,
8:07-cv-396-T-24TGW (filed March 5, 2007 and dismissed without
prejudice January 4, 2008 because the amended complaint failed
to satisfy the minimal requirements of Rule 8(a)(2);   the
Court noted that this case was based on the same allegations
of previous suit, 8:06-cv-2003-T-24MAP, and that Plaintiff had
been permitted to amend his complaint three times in the
previous suit).   The instant case is Plaintiff's third bite at
the apple.   In his Second Amended Complaint (Doc. # 45),
Plaintiff references that he previously  brought this suit in
8:06-cv-2003-T-24MAP and 8:07-cv-396-T-24TGW.
    The Court notes two other related cases filed by
Plaintiff in this division.   Washington v. Bauer, et al.,
8:04-cv-1597-T-26TGW (§ 1983 action filed July 9, 2004 against
numerous defendants including defendants remaining in this
action Kim Allen, Lynne Johnston, and William F. Balkwill; the
Court dismissed the sixth amended complaint with prejudice
January 24, 2005); Washington v. Funsch, et al., 8:09-cv-492-
T-23TGW (§ 1983 action filed March 16, 2009 against Ramona
Funsch and the Florida Department of Children and Families and
voluntarily dismissed by Plaintiff July 29, 2010).

ample time to prosecute this action, and that the Court intends to try the action in March 2011.  See Doc. # 329. Finally, the Court notes that the Eleventh Circuit has dismissed Washington's most recent appeal for lack of jurisdiction (Doc. # 371), and Washington's concerns regarding this Court's jurisdiction pending his appeal are moot.

Accordingly, finding that Washington has been adequately warned on numerous occasions that failure to comply with the Court's Orders may result in dismissal of his claims, finding that Washington has been given adequate opportunities to comply with the Court's Orders regarding discovery, and finding that Defendants are being unfairly hampered in their attempts to formulate a defense due to Washington's failure to comply with this Court's Orders and with the rules governing discovery, this Court hereby finds that the sanction of dismissal of Washington's action with prejudice as to these Defendants is warranted.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Joint Third Emergency Motion for Sanctions (Doc. # 375) is **GRANTED** to the extent that this action is dismissed with prejudice as to Defendants William Balkwill, Kim Kutch, Lynne Johnston, Darcy Brown, Ann Jones, Kim Allen, and

7

Kelly Kelley.   The Court declines to award the costs and attorney's fees requested.

(2)   The Clerk is directed to enter judgment in favor of these Defendants.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of January, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record